IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ABEL VICENTE JUAREZ and LUIS MONGE,    )
                                       )
    Petitioners,               )
                                       )
    v.                         )        1:25-cv-2409 (LMB/WBP)
                                       )
KRISTI NOEM, et al.,                   )
                                       )
    Respondents.               )

ORDER

Petitioner Abel Vicente Juarez ("Juarez"), a native and citizen of Guatemala, and petitioner Luis Monge ("Monge"), a native and citizen of El Salvador, (collectively, "petitioners") have filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). Specifically, petitioners allege that their characterization by DHS as "applicants for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count One), and their due process rights (Count Two).

Juarez is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Monge is currently detained at the Caroline Detention Facility, which is also within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline Detention Facility. Petitioners have also sued Kristi Noem, the DHS Secretary; Joseph Simon, the Director of the ICE Washington Field Office; Pamela Bondi, the

Attorney General; and Todd Lyons, the Acting Director of ICE (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that petitioners are detained pursuant to 8 U.S.C. § 1226(a). Accordingly, Jaurez's and Monge's Petition will be granted as to Count Two, and respondents will be ordered to release them from custody and provide each of them with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to the Petition, Juarez has resided in the United States since 2020. [Dkt. No. 1] at ¶ 37. He has a partner and four children, one of whom is his one-year-old United States citizen daughter. Id. ¶ 37. Since entering the United States, Juarez has not had any arrests or convictions. Id. He was detained by ICE while he was driving to work on December 10, 2025, and was taken into custody at the Farmville Detention Center. Id. ¶ 39.

According to the Petition, Monge has resided in the United States since 2013. Id. at ¶ 45. He has a two-year-old daughter who suffers from significant speech, motor, and physical development delays. Id. ¶ 50. Monge was the sole financial provider for his daughter and his daughter's mother before he was detained by ICE on his way to work on August 27, 2025. Id. ¶ 47, 50–51. He has been detained at the Caroline Detention Facility. Id. at ¶ 48.

The Petitioners filed their Petition for Writ of Habeas Corpus on December 19, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that they not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented

---

[1] Because the Court is granting relief on due process grounds, it need not address petitioners' argument based on the Immigration and Nationality Act.

in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 4] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas action."[2] [Dkt. No. 4] at 1–2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in the Petition is whether petitioners are subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., No. 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that

---

[2] The Notice improperly lists Ms. Halligan as the United States Attorney and Special Attorney for this district. [Dkt. No. 5] at 2. The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in United States v. Comey, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and United States v. James, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have been appealed but not stayed as of this date. See also United States v. Giraud, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

3

because petitioners have not been admitted "as a legal matter" into the United States, they are inadmissible under 8 U.S.C. § 1182(a), considered to be applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, No. 25-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

---

[3] See, e.g., Gomes v. Hyde, No. 1:25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, No. 25-11613, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, No. 5:25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Jacinto v. Trump, No. 4:25-cv-3161, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, No. 1:25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, No. 4:25-cv-31622025, WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, No. 4:25-cv-3158, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, No. 25-cv-11266, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, No. 25-cv-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, No. 4:25-cv-3172, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, No. 3:25-cv-10932025, WL 2472136 (W.D. La. Aug. 27, 2025).

4

This Court has previously addressed several of these points in <u>Hasan v. Crawford</u>, No. 1:25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and adopts the findings and conclusions in <u>Hasan</u> into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in <u>Hasan</u>, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner almost always has been granted bond.[4]

---

[4] <u>See</u> <u>Vargas Nunez v. Lyons, et al.</u>, No. 1:25-cv-1574, Dkt. No. 12 (released on his own recognizance); <u>Par Par Gonzalez v. Lyons, et al.</u>, No. 1:25-cv-1583, Dkt. No. 10 (same); <u>Melendez v. U.S. Immigr. & Customs Enf't, et al.</u>, No. 1:25-cv-1622, Dkt. No. 14 (same); <u>Perez Bibiano v. Lyons, et al.</u>, No. 1:25-cv-1590, Dkt. No. 10 (same); <u>Guerra Leon v. Noem, et al.</u>, No. 1:25-cv-1634, Dkt. No. 14 (same); <u>Hernandez Alfaro v. Simon, et al.</u>, 1:25-cv-2054, Dkt. No. 7 (same); <u>Hernandez Contreras v. Lyons, et al.</u>, No. 1:25-cv-2053, Dkt. No. 8 (same); <u>Egoavil-Rojas v. Noem, et al.</u>, No. 1:25-cv-2113, Dkt. No. 10 (same); <u>Reyes Alvarez v. Crawford, et al.</u>, No. 1:25-cv-2148, Dkt. No. 8 (same); <u>Maya Torres v. Crawford, et al.</u>, No. 1:25-cv-1891, Dkt. No. 12 (same); <u>Salinas Hernandez v. Bondi, et al.</u>, No. 1:25-cv-2356, Dkt. No. 7 (same); <u>Gomez Alonzo v. Simon, et al.</u>, No. 1:25-cv-1587, Dkt. No. 20 ($1,500 bond); <u>Sanchez Saire v. Elliston, et al.</u>, No. 1:25-cv-1808, Dkt. No. 9 ($1,500 bond); <u>Ortiz Martinez v. Noem, et al.</u>, No. 1:25-cv-1816, Dkt. No. 16 ($5,000 bond); <u>Zelaya Arias v. Lyons, et al.</u>, No. 1:25-cv-1892, Dkt. No. 9 ($8,000 bond); <u>Cabrera Gomez v. Noem, et al.</u>, No. 1:25-cv-1997, Dkt. No. 6 ($3,000 bond); <u>Ceba Cinta v. Noem, et al.</u>, No. 1:25-cv-1818, Dkt. No. 13 ($1,500 bond); <u>Rios Resendiz v. Lyons, et al.</u>, No. 1:25-cv-1872, Dkt. No. 16 ($8,000 bond); <u>Hernandez-Salvador v. Bondi, et al.</u>, No. 1:25-cv-2001, Dkt. No. 7 ($1,500 bond); <u>Flores Lazaro v. Simon, et al.</u>, No. 1:25-cv-2091, Dkt. No. 7 ($5,000 bond); <u>Mata v. Bondi, et al.</u>, No. 1:25-cv-2089, Dkt. No. 9 ($5,000 bond); <u>Nina Cayllahua v. Lyons, et al.</u>, No. 1:25-cv-2096, Dkt. No. 7 ($5,000 bond); <u>Perez Amaya v. Lyons, et al.</u>, No. 1:25-cv-2051, Dkt. No. 10 ($1,500 bond); <u>Hernandez Marquez v. Lyons, et al.</u>, No. 1:25-cv-2056, Dkt. No. 13 ($3,000 bond); <u>Ordonez Argueta v. Bondi, et al.</u>, No. 1:25-cv-2192, Dkt. No. 10 ($5,000 bond); <u>Castro Merida v. Noem, et al.</u>, No. 1:25-cv-2261, Dkt. No. 13 ($1,500 bond); <u>Chavez Garay v. Perry, et al.</u>, No. 1:25-cv-2215, Dkt. No. 9 ($5,000 bond); <u>Garcia Claros v. Lyons, et al.</u>, No. 1:25-cv-2275, Dkt. No. 8 ($5,000 bond); <u>Leon Utrera v. Simon, et al.</u>, No. 1:25-cv-2273, Dkt. No. 7 ($5,000 bond); <u>Damian v. Lyons, et al.</u>, No. 1:25-cv-2318, Dkt. No. 7 ($3,000 bond); <u>Cabrera Hernandez v. Simon, et al.</u>, No. 1:25-cv-2288, Dkt. No. 7 ($1,500 bond); <u>Chicas Tejada v. Lyons, et al.</u>, No. 1:25-cv-2109, Dkt. No. 9 ($25,000 bond); <u>Mendoza Gonzalez v. Simon, et al.</u>, No. 1:25-cv-2260, Dkt. No. 8 ($4,000 bond). <u>But see</u> <u>Funez Contreras v. Lyons, et al.</u>, No. 1:25-cv-1929, Dkt. No. 12 (bond denied); <u>Martinez Villanueva v. Crawford, et al.</u>, No. 1:25-cv-2175, Dkt. No. 7 (same); <u>Osorio Romero v. Noem, et al.</u>, No. 1:25-cv-2159, Dkt. No. 10 (same).

Juarez and Monge have been present in the United States since 2020 and 2013, respectively.  [Dkt. No. 1] at ¶¶ 37, 45.  Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), petitioners' detention is governed by § 1226(a).  And under § 1226(a) and its implementing regulations, they are each entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether they pose a danger to the community, and whether they are flight risks.  8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).  Unless an Immigration Judge makes such a determination, Juarez's and Monge's continued detention is unlawful.

### III.

For all these reasons, Juarez's and Monge's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

ORDERED that Juarez and Monge be promptly released from custody, with all their personal property, pending their bond hearings before an Immigration Judge.  Juarez and Monge must each live at a fixed address, which they must provide to the federal respondents; and it is further

ORDERED that respondents provide Juarez and Monge with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Juarez and Monge on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Juarez and/or Monge is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of each bond hearing, stating whether Juarez and Monge have been granted bond, and, if a request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Juarez's and Monge's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 5 day of January, 2026.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.